UNITED STATES *v.* MCLAUGHLIN & FREEMAN (No. 2601) [1]

CHOCOLATE—CONFECTIONERY.

Sweetened and flavored chocolate is a kind of confectionery, and the provision of paragraph 775, Tariff Act of 1922, for sweetened chocolate is obviously more specific than that of paragraph 505, for all confectionery not specially provided for. Since 1792, chocolate and confectionery have been legislatively recognized as different tariff entities. Bars 37.75 per centum chocolate, 60 to 61 per centum sugar, 1 to 2 per centum honey, and 0.6 per centum crushed almonds, are sweetened chocolate under paragraph 775, and not confectionery under paragraph 505. The almond component is so small as to be negligible.

United States Court of Customs Appeals, January 18, 1926

APPEAL from Board of United States General Appraisers, G. A. 8967 (T. D. 40797)

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Ralph Folks,* special attorneys, of counsel), for the United States.
*Waterhouse & Lockett* (*William E. Waterhouse* of counsel) for appellees.

[Oral argument October 30, 1925, by Mr. Lawrence and Mr. Waterhouse]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Triangular bars of sweetened chocolate, manufactured by *Société Anonyme Chocolat Tobler* of Berne, Switzerland, and containing 37.75 per centum of chocolate, 0.60 per centum of almonds, 60 to 61 per

---

[1] T. D. 41324.

centum of sugar and 1 to 2 per centum of honey, were classified by the collector at the port of Boston as confectionery, and assessed for duty at 40 per centum ad valorem, under paragraph 505 of the Tariff Act of 1922, which paragraph, in so far as pertinent, reads as follows:

PAR. 505. Sugar candy and *all confectionery* not specially provided for, 40 per centum ad valorem.

The importer protested that the merchandise was sweetened chocolate and claimed that it was therefore dutiable at 17½ per centum ad valorem under paragraph 775 of the Tariff Act of 1922, which reads as follows:

PAR. 775. Chocolate and cocoa, sweetened or unsweetened, powdered, or otherwise prepared, *17½ per centum ad valorem,* but not less than 2 cents per pound; cacao butter, 25 per centum ad valorem.

The board sustained the protest and the Government appealed.

There is no dispute as to the facts and on the agreed statement of counsel they must be taken as hereinbefore recited.

Chocolate is a paste or cocoa made of cacao seeds, roasted or ground and often mixed with *sugar and some flavoring* ingredient. *Protest of Davis et al.,* T. D. 18141. See " Chocolate"—New Standard Dictionary. From that definition it is apparent that the sweetening and flavoring of roasted and ground cacao seeds does not remove the article so manufactured from the category of chocolate.

The word "confectionery" is a generic term which comprises sweets, sweetmeats and comfits. See sweet, sweetmeat, comfit— New Standard Dictionary. It may be said therefore with entire truth that chocolate sweetened and flavored is a species or a kind of confectionery. That sweetened chocolate and chocolate confectionery are classes of chocolate and kinds of confectionery seems to have been recognized by paragraphs 318 and 238 of the act of 1890, which read as follows:

PAR. 318. Chocolate (other than chocolate confectionery and chocolate commercially known as sweetened chocolate), 2 cents per pound.

PAR. 238. Sugar candy and all confectionery, *including chocolate confectionery, made wholly or in part of sugar* * * * 5 cents per pound.

In 1894 chocolate confectionery was taken out of the confectionery paragraph and transferred with sweetened chocolate to the chocolate paragraph, as appears from paragraphs 229 and 183 of the act of 1894, which paragraphs read as follows:

PAR. 229. Cocoa, prepared or manufactured * * * 2 cents per pound; *chocolate, sweetened, flavored, or other,* valued at 35 cents per pound or less, 2 cents per pound; valued at exceeding 35 cents per pound and *chocolate confectionery,* 35 per centum ad valorem.

PAR. 183. Sugar candy and all confectionery, made wholly or in part of sugar, and on sugars after being refined, when tinctured, colored, or in any way adul-

terated, 35 per centum ad valorem; glucose, or grape sugar, 15 per centum ad valorem; saccharine, 25 per centum ad valorem.

That transfer was in strict accord with a legislative policy which ever since 1792 has recognized chocolate and confectionery as separate entities for tariff purposes    1 Stat. p. 259; 3 Stats. p. 311; 4 Stats. p. 28; 5 Stats. p. 558; 9 Stats. p. 44; 12 Stats. p. 180, 189; 16 Stats. p. 262; 17 Stats. p. 231; Schedule B, act of March 3, 1883, pp. 331, 332, and 333; Rev. Stats. 468, 474, 475; act of 1890, pars. 238, 239, 303; act of 1894, par. 183, 218, 229; act of 1897, pars. 212, 218, 263; act of 1909, pars. 219, 274, 292; act of 1913, pars. 180, 217, 231; act of 1922, pars. 505, 775.

In the case of *Arthur* v. *Stephani*, the Supreme Court held that chocolate although *ordinarily sold as confectionery*, was nevertheless dutiable as chocolate inasmuch as it was more specifically provided for under that name. The court expressly stated that if the same substances entered into the composition of chocolate as were used in making ordinary confectionery, such chocolate would nevertheless be dutiable under that name and not as confectionery. *Arthur* v. *Stephani*, 96 U. S. 125, 126, 127, 128.

The importation is sweetened chocolate which contains 0.6 of 1 per centum by weight of crushed almonds. That small percentage of almonds was probably added for flavoring purposes, but whether it was or not, it can not be said the almonds were a distinctive feature of the product or that their introduction created a product which was not entitled to bear the name of sweetened chocolate. Six-tenths of 1 per centum by weight of almonds was negligible in the commodity and no more removed the commodity from the common understanding of chocolate than would the addition of 0.6 of 1 per centum of vanilla extract or almond oil.

We think that chocolate sweetened and flavored is confectionery and that it belongs to that class of confectionery denominated as chocolate by people in general. Taking into account the common meaning of the terms chocolate and confectionery, the fact that chocolate is a sweetmeat, the long maintained tariff distinction between confectionery and chocolate, the reasoning of the Supreme Court in *Arthur* v. *Stephani*, *supra*, and the legislation which more specifically provides for the importation as chocolate than as confectionery, we are of the opinion that the merchandise here the subject of protest, is dutiable as sweetened chocolate at 17½ per centum ad valorem under paragraph 775.

The judgment of the board is *affirmed*.