(C. D. 263)

R. W. GRESHAM *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 12, 1939)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before BROWN and KINCHELOE, Judges

BROWN, Judge: This suit against the United States was brought at Cleveland, Ohio, and there tried, to recover certain duties claimed to have been illegally exacted on an importation of ginger beer flavor. Judge Kincheloe who took the testimony on circuit duty is assigned by the writer to constitute with him division one for the purpose of deciding this case.

The collector of customs took duty under paragraph 24, Tariff Act of 1930, as amended by the trade agreement with France, reported as T. D. 48316, 69 Treas. Dec. 853, which as so amended contains a provision for

Flavoring extracts, and natural or synthetic fruit flavors, fruit esters, oils and essences, all the foregoing and their combinations, containing 20 per centum of alcohol or less 15 cents per pound and 18 per centum ad valorem.

The plaintiff claims that it is properly dutiable under paragraph 39 of the act of 1930, covering

Flavoring extracts and natural or synthetic fruit flavors, fruit esters, oils, and essences, all the foregoing not containing alcohol, and not specially provided for, 25 per centum ad valorem.

The record shows that the merchandise in its imported condition contains sixteen one-hundredths of one per centum of alcohol. The record also shows that it is bought as non-alcoholic and that it is sold as a beverage after mixing 3 ounces of the imported article with 6 gallons of water.

This case seems to be one where the rule "De minimis non lex curat" should be applied. The amount of alcohol is not substantial.

A substance such as this does not come within the purpose of Congress in applying the higher rates of paragraph 24.

In T. D. 48907 (5) the Department ruled that, for tariff purposes, 2 per centum of graphite in asbestos packing material was negligible, and that articles containing 2 per centum or less of graphite should be classified under paragraph 1501 (d) of the Tariff Act of 1930 as manufactures of asbestos rather than under paragraph 216 as articles composed in part of graphite.

The case of *Schenkers, Inc.* v. *United States*, 59 Treas. Dec. 1257, T. D. 44916, seems to be in point. Therein this court held, opinion by Judge Kincheloe, that cotton cloth containing wool in amounts estimated to be less than 1 per centum, was properly dutiable under paragraphs 903 and 904 of the Tariff Act of 1930 as cotton cloth, at the appropriate rate according to the average yarn number, condition, et cetera, rather than under the terms of paragraph 906, as "cloth in chief value of cotton, containing wool"; and that case was not appealed.

In *United States* v. *McLaughlin & Freeman*, 13 Ct. Cust. Appls. 404, T. D. 41324, the Appellate Customs Court held that .60 per centum of almonds in bars of sweetened chocolate was a negligible ingredient.

In *United States* v. *Mandell*, 1 Ct. Cust. Appls. 223, T. D. 31259, it was held that a silk selvage one-half inch in width did not take a cotton cloth 42½ inches wide out of the cotton-cloth schedule and make it a cloth composed of cotton and silk within the meaning of paragraph 311 of the Tariff Act of 1897.

On page 224 Judge Smith says:

When textiles are thrown into consumption the ordinary selvage has no use and when garments or other articles are made up from them it is either discarded entirely or concealed from view in a convenient seam. Of course a selvage might be made of such a width and such a design as to be an ornamental feature of the fabric or an essential material, or substantial part of it *when used or made up*, in which case it would be something more than a selvage. That is not this case, however.

The Board of General Appraisers finds that the mixture of silk in the selvage is for the purposes of a selvage, and an inspection of the goods discloses that the selvage itself gives no distinctive character to the cloth, has no value, and serves no useful end other than that of the ordinary selvage. Under the circumstances we would hardly be justified in holding that goods the *body* of which is *wholly of cotton*—goods which are evidently salable only as cottons—should be classified as *silk and cotton* fabrics by reason of a mere protection to the goods not designed

to form a feature or a material, essential, or substantial part of them when put to actual use.

In T. D. 26819, *Morrell* v. *United States*, 10 Treas. Dec. 492, Judge Lacombe, Circuit Court of Southern District of New York, held that lemon juice, fortified by 7.50 per centum of absolute alcohol for the purpose of preserving it in hot climates, did not make of the lemon juice an alcoholic compound.

In *Clayton* v. *Hebb, Pilot*, 80 Fed. Rep. 558, the 4th Circuit Court of Appeals held that 25 tons of coal used as ballast did not exempt the barque *Edmond Phinney* from compulsory pilotage under a provision of the Maryland law exempting from compulsory pilotage vessels laden "in whole or in part" with coke or coal mined in the United States because the coal shipment was not "substantial" and therefore did not benefit the coaling trade which was the purpose of the statute.

Similarly here sixteen one-hundredths of one per centum of alcohol is not substantial enough to bring this flavor within the provision manifestly designed to reach articles made up of alcohol in a realistic sense.

Following these authorities judgment will issue for classification of the merchandise under paragraph 39 at 25 per centum ad valorem.