(C.D. 2178)

C. J. VAN HOUTEN & ZOON, INC. BLUEFRIES NEW YORK, INC. } v. UNITED STATES

United States Customs Courts, Third Division

(Decided May 17, 1960)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for the plaintiffs. *George Cochran Doub*, Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; DONLON, J., concurring

RICHARDSON, Judge: This protest relates to a shipment of merchandise, imported from Holland on May 1, 1956, by Bluefries New York, Inc., for the account of C. J. Van Houten & Zoon, Inc., hereinafter referred to as Van Houten. The items of merchandise comprising the importation are listed on the specification sheet attached to the consular invoice under the heading "Van Houten Chocolates" and are specifically described thereon as "New York Chipped Chocolate," "milk chocolate bars with hazelnuts" or "milk hazelnut bars," "milk chocolate bars ground coffee added" or "coffee milk bars," and "milk bars."

The milk hazelnut bars were classified as confectionery, not specially provided for, and assessed with duty at the rate of 14 per centum ad valorem under 19 U.S.C.A., section 1001, paragraph 506 (paragraph 506, Tariff Act of 1930), as modified by the General Agreement on Tariffs and Trade, T.D. 51802, reading as follows:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 506 | Sugar candy and all confectionery not specially provided for: | |
| | Valued at less than 6 cents per pound_____ | 20% ad val. |
| | Valued at 6 cents or more per pound_____ | 14% ad val. |

The "coffee milk bars" and the "milk bars," which are not in issue, were classified by the collector as sweetened chocolate and were as-sessed with duty at 10 per centum ad valorem under the provisions of 19 U.S.C.A., section 1001, paragraph 777(b) (paragraph 777(b), Tariff Act of 1930), as modified by the Torquay protocol, T.D. 52739, which reads as follows:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 777 (a) | Cocoa and chocolate: Unsweetened_____ | ¾¢ per lb. on net wt. |
| (b) | Sweetened: In bars or blocks weighing 10 pounds or more each_____ | 1¢ per lb. |
| | In any other form, whether or not prepared, valued 10 cents or more per pound_____ | 10% ad val. |

The plaintiffs contend that the milk hazelnut bars are not distinguishable in principle from the others and should also be classified and assessed with duty as sweetened chocolate under the provision in paragraph 777(b), *supra*, for chocolate, sweetened, "in any other form, whether or not prepared, valued 10 cents or more per pound."

The sole issue is whether the milk hazelnut bars fall within the customs classification of sweetened chocolate, as plaintiffs contend, or are dutiable under the statutory provision for confectionery, not specially provided for, as determined by the collector.

The plaintiffs introduced the testimony of five witnesses and placed in evidence nine exhibits. No evidence was offered on behalf of the defendant. Included in plaintiffs' collective exhibit 1, consisting of the official papers, is a cost sheet, which shows the components of the bars in question and the proportions as follows:

Quantity produced in one manufacturing lot or batch_____ 220½ lbs.

| | |
|---|---|
| Beet sugar_____ | 88, 20 lbs. |
| Chocolate liquor_____ | 24, 90 lbs. |
| Cocoa butter_____ | 38, 60 lbs. |
| Full milk powder_____ | 30 lbs. |
| Skimmed milk powder_____ | 9, 30 lbs. |
| Various_____ | 0, 80 lbs. |
| Hazelnuts_____ | 28, 70 lbs. |

Mr. Erwin Fisher, a vice president of Van Houten, in charge of purchasing and production, was called as a witness for the plaintiffs. He has been associated with Van Houten in New York for 20 years. He produced samples of what he called "chocolate bars," imported by his firm, labeled "Coffee Milk Chocolate," "Bitter Sweet Chocolate," "Milk Chocolate," "Orange Milk Chocolate," "Mocha Bitter Sweet

Chocolate," and "Milk Hazelnut Chocolate." The last-named sample is representative of the merchandise in issue. The six bars were received in evidence as plaintiffs' collective exhibit 2.

The witness testified that the instant merchandise is valued at more than 10 cents per pound; that, except for the hazelnuts, the components of the milk hazelnut bars are the same as the ingredients used in the production of milk chocolate; that the hazelnuts are added as a flavoring material; that *chocolate without the addition of milk is known as* "*sweet chocolate*" or "bitter sweet chocolate"; that any chocolate which is not filled is known as plain chocolate; and that sweetened chocolate is composed of the primary chocolate ingredients, with the addition of sugar as the sweetening agent.

He described the method of producing the milk hazelnut bars, in substance, as follows:

Chocolate liquor (ground cocoa beans) is mixed with sugar, milk, and cocoa butter and made into a chocolate mass to which chopped hazelnuts are added. This mass is deposited in a chocolate molding machine which molds it into bars. He explained that the component of the bars described as "various" on the cost sheet is lecithin or vanillin.

The witness stated that, except for the components, all of the bars comprising plaintiffs' collective exhibit 2 were produced by this method. He pointed out that they are composed of bitter sweet chocolate or milk chocolate to which various flavoring materials have been added, and he stated such flavoring materials are vanillin, coffee, orange oil, and chopped hazelnuts.

Upon cross-examination, the witness gave the percentages of the various flavoring materials in the bars represented by plaintiffs' collective exhibit 2 as follows: Vanillin (in the bitter sweet chocolate), less than 1 per centum; orange oil (in the orange milk chocolate), 2 or 3 per centum; coffee (in the mocha bitter sweet), about 4 or maybe 5 per centum; and chopped hazelnuts (in the milk hazelnut), 12 per centum. He explained that the different flavors vary in strength and that more hazelnuts, for example, are required to impart a nutty flavor than vanillin to impart a vanillin flavor. He stated that, in ordering chocolate bars from Holland, it was necessary to qualify the product by the name of the flavoring contained therein, and he described the exhibit representing the merchandise in issue as a "milk chocolate bar flavored with hazelnuts."

The other witnesses who appeared on behalf of plaintiffs were also men of long experience in the business of buying and/or selling chocolate products. Mr. Harry Lesser, president of the Cresca Co., importer and distributor of candy and food products, sells under the brand name of "Lindt" what is known to him as chocolate bars of various types, including milk hazelnut, to retail stores, jobbers, or dis-

tributors throughout the United States, and has been in the business for 26 years. (R. 19–20.) Mr. Bernard Hamstra, partner in the firm of H. Hamstra & Co., importer of cocoa and chocolate, has been in the business for 35 years, and sells, nationwide, bars known as chocolate bars of various types, including milk hazelnut, bearing the brand name "Droste." (R. 34–36.) Mr. John J. Lanza, manager of the sales department of plaintiffs, Van Houten, with 35 years of experience, makes sales from coast to coast of bars represented by plaintiffs' collective exhibit 2 (R. 43–44), and Mr. Morton I. Singer, manufacturers' representative and partner in the firm of Sills & Singer, whose experience spans a period of 40 or 45 years, sells, among other commodities, products considered by him to be chocolate bars, including Van Houten bars like those comprising collective exhibit 2. His sales are confined to the New York Metropolitan area and to New Jersey.

On the basis of their experience, these witnesses testified, in substance, that they are familiar with the Van Houten milk hazelnut bars; that they consider them to be chocolate bars; that the term "chocolate bars" includes chocolate bars with nuts, as well as those containing flavoring materials, such as coffee, orange oil, and vanillin; and that "milk hazelnut bars" are bought, sold, and cataloged along with "coffee milk bars," "milk chocolate bars," and other chocolate bars which are classified by the collector as sweetened chocolate and assessed with duty under paragraph 777 (b), *supra*; while "milk hazelnut bars" are not so classified, because of the presence of the nuts.

As shown by the record, the subject bars are composed of a mixture of sweetened milk chocolate and chopped hazelnuts, and it is the presence of the hazelnuts that gives rise to this litigation. It is the position of the defendant that their inclusion precludes the classification of the merchandise as chocolate, sweetened, under paragraph 777 (b), *supra*.

The question of the proper classification of sweetened chocolate, to which nuts have been added, has been considered by the courts on several occasions.

In the early case of *H. L. Day Company* v. *United States*, Abstract 17884, T.D. 28687 (affirmed suit 5179, T.D. 30343), thin cakes of milk chocolate, through which pieces of nuts had been mixed, were held dutiable as confectionery under paragraph 212 and not as chocolate under paragraph 281 of the Tariff Act of 1897. In considering the distinction between chocolate and confectionery, the predecessor of this court, the Board of General Appraisers, recognized that chocolate, mixed with sugar, milk, and flavoring, is dutiable as chocolate and not as confectionery, but stated that "clearly an article of confectionery has been produced when sweet chocolate is mixed with other substances, such as nuts, fruits, or cream, thus increasing its desirability as a confection and unfitting it for use as a beverage or for

any of the other well-known purposes for which chocolate is used."

The question of the proper classification of triangular bars of sweetened chocolate, composed of 37.75 per centum of chocolate, 0.60 per centum of crushed almonds, 60 to 61 per centum of sugar, and 1 to 2 per centum of honey, was before the court in the case of *United States* v. *McLaughlin & Freeman*, 13 Ct. Cust. Appls. 404, T.D. 41324. The court defined chocolate as "a paste or cocoa made of cacao seeds, roasted or ground and often mixed with *sugar and some flavoring* ingredient" [italics quoted] and said, at page 406:

> The importation is sweetened chocolate which contains 0.6 of 1 per centum by weight of crushed almonds. That small percentage of almonds was probably added for flavoring purposes, but whether it was or not, it can not be said the almonds were a distinctive feature of the product or that their introduction created a product which was not entitled to bear the name of sweetened chocolate. *Six-tenths of 1 per centum by weight of almonds was negligible in the commodity* and no more removed the commodity from the common understanding of chocolate than would the addition of 0.6 of 1 per centum of vanilla extract or almond oil. [Emphasis added.]

The court held that the merchandise was dutiable as sweetened chocolate under paragraph 775 of the Tariff Act of 1922, but it is apparent that its decision was based upon the fact that the nut content of the bars under consideration was negligible.

Merchandise, composed of chocolate, cane sugar, honey, milk powder, and nuts, the percentage of the latter ingredient ranging from 2.7 per centum to 9.8 per centum, was held properly classifiable as confectionery under paragraph 505 of the Tariff Act of 1922, rather than as chocolate, provided for in paragraph 775 [1] of that act. See *A. Herzog & Co.* v. *United States*, 56 Treas. Dec. 435, T.D. 43666. The court did not consider the nut content of the merchandise negligible, and it rejected the claim of plaintiff that the nuts were used as a flavoring ingredient.

The *Herzog* case was cited and followed in *Penn Importing Co.* v. *United States*, 60 Treas. Dec. 1207, Abstract 16991, wherein the classification of merchandise, consisting of milk chocolate and nuts in the amount of 3.6 per centum, was involved.

The case of *W. X. Huber Co.* v. *United States*, 6 Cust. Ct. 622, Abstract 45794, was decided under the Tariff Act of 1930 and involved the chocolate and confectionery not specially provided for provisions of that act. The merchandise consisted of bars of sweetened chocolate, mixed with 29.8 per centum of nuts, almonds, and honey. The court upheld the collector's classification and assessment of the merchandise as confectionery and reaffirmed the distinction between chocolate and confectionery first set forth in the case of *H. L. Day*, *supra*.

---

[1] Tariff Act of 1922:

PAR. 775. Chocolate and cocoa, sweetened or unsweetened, powdered, or otherwise prepared, 17½ per centum ad valorem, but not less than 2 cents per pound; cacao butter, 25 per centum ad valorem.

It is evident that the decisions referred to above establish that sweetened chocolate, mixed with more than a negligible quantity of nuts, is properly classifiable under the tariff acts as confectionery and not as sweetened chocolate. It is true that, with the exception of *H. L. Day* and *W. X. Huber Co.*, these cases involved the chocolate provision of the Tariff Act of 1922. Although the chocolate paragraph was changed in the 1930 revision of the tariff act to provide separate rates of duty for unsweetened chocolate; for chocolate, sweetened, in bars or blocks, weighing 10 pounds or more each; and for chocolate, sweetened in any other form, whether or not prepared, there is nothing to indicate an intention on the part of Congress to legislate away the construction by the court under the Tariff Act of 1922 that "sweetened chocolate," which has been prepared, does not include chocolate with nuts. Further, as we have stated, the *Huber* case involved the statutory provisions under consideration. Therefore, in the absence of compelling reasons to the contrary, we are of the opinion that these cases must be considered as precedents which control the outcome of the issue here.

On the basis of the foregoing cases, it cannot be said that the 12 per centum of chopped nuts in the instant bars is a negligible quantity, nor do plaintiffs make this claim. They do contend, however, that the nuts were used merely as a flavoring ingredient. We do not think this contention has merit. It was made in the *Herzog* case, *supra*, and specifically rejected by the court.

Flavoring is a substance used to impart flavor to the article to which it is added. To accomplish this result, the flavoring substance would have to be in a form in which it could permeate the article being flavored and thus impart the desired flavor to the whole. It is difficult to see how the chopped nuts in this case could penetrate and flavor the chocolate used in producing the instant bars in the sense that the orange oil, for example, flavors the chocolate in the bar labeled "Orange Milk Chocolate" in plaintiffs' collective exhibit 2, or, for that matter, the lecithin or vanillin flavors the chocolate in the bars in issue. It is clear from an examination of the illustrative sample that the separate identity of the chopped nuts has been preserved and that they constitute an independent substance with an independent flavor. They impart to the bar a texture distinctively different from the others in the exhibit and are not a mere flavoring agent.

Plaintiffs argue that unless the provision in paragraph 777(b) for chocolate, sweetened "in any other form, whether or not prepared," is construed as being the same in legal effect as a provision for articles of sweetened chocolate, in any other form than bars or blocks, weighing 10 pounds or more each, the words "whether or not prepared" will be virtually meaningless. It is contended that this construction

will require classification of the merchandise in issue as sweetened chocolate, since it is in chief value of chocolate.

We do not think such a construction is warranted, nor do we find it necessary to so construe the statute in order to render the term "whether or not prepared" meaningful. Sweetened chocolate, "in any other form," means, for example, sweetened chocolate in chipped or powdered form or in the form of small bars for the retail trade like some of those introduced into evidence in this case, in contrast to the large "bars or blocks weighing 10 pounds or more each," which are for use by confectioners and bakers. Milk chocolate, for example, is *sweetened chocolate*, which has been prepared by the addition of milk solids as a flavoring agent. Without such a provision, we think it would be questionable whether sweetened chocolate, which has been flavored with milk or otherwise, is within the tariff classification for chocolate, sweetened.

The Tariff Act of 1894 specifically provided for "chocolate, sweetened, *flavored*" [emphasis added], which, we think is indicative that the legislators did not consider "sweetened chocolate," which had been *flavored*, to be embraced within the tariff term "chocolate, sweetened." The Tariff Act of 1922 provided for sweetened chocolate "powdered, or otherwise prepared." This language indicates that putting the merchandise in various forms was a process of preparation, while the language of the Tariff Act of 1930 in effect excludes putting the merchandise in various forms as a process of preparation. We are of the opinion that the addition of the words "whether or not prepared" in the Tariff Act of 1930 is just another way of saying "*flavored* or *not flavored*." It is submitted that the term "prepared," as used with respect to "sweetened chocolate" in the Tariff Act of 1930, means such chocolate when it has been further processed by a modification of its flavor.

Plaintiffs contend that the change in language of the statutory provision for chocolate made when the tariff act was revised in 1930 necessarily indicates a change in meaning and in congressional intent and nullifies the *McLaughlin, Herzog*, and *Penn* cases. No mention is made of the *Huber* case.

We have carefully considered the material quoted in plaintiffs' brief from the Summary of Tariff Information, 1929, but we find nothing therein from which it must be concluded that Congress intended to change the meaning of the term "chocolate, sweetened, * * * prepared," to include chocolate, mixed with nuts, which had been excluded therefrom by judicial construction.

It is true Congress had presumptive knowledge that imports of chocolate, usually in the form of small bars or pastilles, with or without nuts, were increasing. It is also true that Congress had presumptive knowledge of the decision of the Court of Customs Appeals

holding chocolate bars, containing 0.6 per centum of nuts, classifiable as chocolate and not confectionery, and that it did not follow a suggestion to use language in the 1930 revision which would specifically exclude chocolate with nuts in any form, if the court's decision were in conflict with the intent of the statutory provision. However, Congress also had presumptive knowledge that the court *found the quantity of nuts to be negligible.* Therefore, in view of the plain implication that chocolate with more than a negligible amount of nuts would not have been classified as chocolate, we think it is fair to assume that Congress did not consider the decision in conflict with the intent of the statute and, for that reason, did not deem it necessary to include the suggested language in paragraph 777(b).

Plaintiffs deny attempting to establish a commercial meaning different from the common meaning of the term "chocolate." This meaning has been established by judicial construction and adhered to for many years.

Since the evidence fails to establish that the bars in question are chocolate, sweetened, in any form, other than bars or blocks, weighing 10 pounds or more each, prepared or unprepared, we must hold that the merchandise is not within the purview of paragraph 777(b) of the Tariff Act of 1930, as amended, and the collector's classification must stand. The protest is overruled.

Judgment will be rendered accordingly.

CONCURRING OPINION

DONLON, Judge: I concur in the result.