UNITED STATES *v.* THOMAS & CO. (No. 2947)[1]

[1] T. D. 42473.

United States Court of Customs Appeals, November 14, 1927

*Charles D. Lawrence,* Assistant Attorney General (*Kenneth G. Osborn,* special attorney, of counsel), for the United States.

*Allan R. Brown* for appellee.

[Oral argument, October 14, 1927, by Mr. Lawrence and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, and HATFIELD, Associate Judges, BLAND, Associate Judge, participating in the decision by agreement of counsel

BLAND, Judge, delivered the opinion of the court:

A deliberate mixture of forty-five tons, three hundredweight and seven pounds of linseed oil, and two tons, seven hundredweight, two-quarters and three pounds of extracted soya-bean oil was entered by importers as one hundred steel drums of mixed vegetable oil, under paragraph 58 of the Tariff Act of 1922, at 25 per centum ad valorem, and was classified by the collector, under paragraph 54; same act, as linseed oil, at 3.3 cents per pound.

Paragraphs 54 and 58, *supra,* are as follows:

PAR. 54. Oils, expressed or extracted: Castor oil, 3 cents per pound; hemp-seed oil, $1\frac{1}{2}$ cents per pound; linseed or flaxseed oil, raw, boiled, or oxidized, $3\frac{3}{10}$ cents per pound; olive oil, weighing with the immediate container less than forty pounds, $7\frac{1}{2}$ cents per pound on contents and container; olive oil, not specially provided for, $6\frac{1}{2}$ cents per pound; poppy-seed oil, raw, boiled, or oxidized, 2 cents per pound; rapeseed oil, 6 cents per gallon; all other expressed and extracted oils, not specially provided for, 20 per centum ad valorem.

PAR. 58. Combinations and mixtures of animal, vegetable, or mineral oils or of any of them (except combinations or mixtures containing essential or distilled oils), with or without other substances, and not specially provided for 25 per centum ad valorem: *Provided,* That no article containing alcohol shall be classified for duty under this paragraph.

The claim of the importers was sustained by the trial court, Justice Brown dissenting.

Before this court the Government, appellant, contends that the infusion of soya-bean oil brought no change in the linseed oil, and that, since the testimony was positive that the importation met all of the commercial requirements and tests of linseed oil, and since the proof showed that it was used as linseed oil, it was, therefore, in fact linseed oil and should have had such classification.

Importers point out that the merchandise is 95 per centum linseed oil and 5 per centum soya-bean oil, and that the record shows unquestionably that the imported merchandise would not be a good delivery for linseed oil where the purchaser knew that he was obtaining a mixture of the character imported.

No one has contended for the application of section 507 of the Tariff Act of 1922, concerning the commingling of goods, and we do not pass on that question.

The question narrows itself down to the proposition as to whether or not the mixture in controversy falls within the provision "*Combinations and mixtures of animal, vegetable, or mineral oils or of any of them.*" Since there is a separate mixed-oil paragraph, and since the mixture, herein being considered, contains the ingredients named in paragraph 54, it seems to us the only question involved is, is the addition of 5 per centum soya-bean oil such an immaterial element as to fall within the rule *de minimis non curat lex*, which was invoked by this court in *United States* v. *McLaughlin & Freeman*, 13 Ct. Cust. Appls. 404.

The proof is positive and conclusive (and the trial court must have so found) that a 5 per centum mixture of soya-bean oil was not a negligible quantity and was not inconsequential in effect, since the mixed merchandise, commercially, was not a good delivery for linseed oil. There is much in the record about all linseed oils containing impurities and the standards required by the trade, together with the different kinds of tests and their results, but the fact remains that the importation is a mixture and that the presence of the 5 per centum soya-bean oil can not be ignored, and that it clearly falls within the provision for mixed oils. True enough, as pointed out by the Government, this conclusion produces somewhat of an incongruous result. A mixture of 95 per centum linseed oil and 5 per centum soya-bean oil which stands all of the commercial tests for linseed oil and which is used for the same purpose as linseed oil, and which is imported for that purpose, is to be classified for tariff duty at a very much lower rate than that provided for linseed oil.

This effect is unavoidable, if force is to be given to both paragraphs of the statute. Congress deliberately wrote into paragraph 58 the provision for mixtures of vegetable oils. The instant importation is certainly a mixture of vegetable oils. The mandate of the statute seems clear. *United States* v. *Aetna Explosives Co.*, 256 U. S. 402, and *United States* v. *McLaughlin & Freeman, supra,* cited by the Government, are not in point.

In the *Aetna Explosives Co.* case, *supra,* a substantial quantity of sulphuric acid was added to nitric acid for the purpose of transportation and in order to protect the containers. No new substance was intended. No commercial mixture was created. The presence of the sulphuric acid, therefore, although in a substantial quantity, for tariff duty purposes, was ignored. In the instant case, the soya-bean oil serves a useful purpose in the use of the mixture.

In the *McLaughlin* case, *supra,* six-tenths per centum of crushed almonds was held to be a negligible quantity when used as a flavoring in sweetened chocolate. The court held that it was still sweetened chocolate.

The judgment of the United States Customs Court is *affirmed.*