UNITED STATES *v.* SCHENKER'S, INC. (No. 3029)[1]

United States Court of Customs Appeals, March 13, 1928

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.

*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellee.

[1] T. D. 42645.

[Oral argument February 7, 1928, by Mr. Lawrence and Mr. Wallace]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

Paragraph 5 of the Tariff Act of 1922 imposes a duty of 25 per centum ad valorem upon—

All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

Paragraph 83 of the same Act provides as follows:

Sodium: Arsenate, * * *; bicarbonate or baking soda, * * *; carbonate, calcined, or soda ash, hydrated or sal soda, and monohydrated, * * *; chlorate, 1½ cents per pound; chloride or salt, in bags, sacks, barrels, or other packages, 11 cents per one hundred pounds; in bulk, 7 cents per one hundred pounds; * * * nitrite, * * *; phosphate, * * *; sulphide. * * *.

The importation in this case consists of 300 sacks of a commodity entered as "pickling salt." The appraiser returned it for duty as a mixture of chemical salts under paragraph 5, and the collector classified it thereunder. Importer protested, claiming the merchandise to be dutiable under the provision in paragraph 83 for "chloride or salt." When the protest came on for hearing before the United States Customs Court it was submitted on the record, no oral testimony whatever being introduced. Incorporated in the record is the report of a chemist, the material part of which is as follows:

The sample is composed chiefly of a mixture of common salt, sodium nitrite, and sodium sulphate.

Common salt, 94.65%.

The Customs Court sustained the protest upon the theory, apparently, that definitions of common salt by lexicographers contemplate that it may contain up to 15 per centum of impurities, saying:

We think it is a fact of common knowledge of which we can take judicial notice that the small quantity of sodium nitrite and sodium sulphate could not have been mixed with the rest, but must have been found there naturally.

We therefore treat them as a mere impurity and issue judgment sustaining the protest for classification at 11 cents per 100 pounds under paragraph 83, Act of 1922.

The Government, appealing to this court, argues that "Since there is a separate salt paragraph, a mixture of chemical salts can not be held to be within the tariff provisions for any one of the salts contained in the mixture unless the rule de minimis non curat lex applies."

It relies much upon the authority of United States v. H. B. Thomas & Co., 15 Ct. Cust. Appls. 295, T. D. 42473.

As we view it there is little necessary to be said in the determination of the issues here.

Paragraph 5 provides for all chemical salts and compounds and all *combinations* and *mixtures* thereof not specially provided for, and the collector is presumed to have found that the merchandise here was either chemical salts or compounds, or a combination or mixture thereof.

Importer has tendered no proof that the importation is not as classified by the collector. It argues that the small quantities of sodium nitrite and sodium sulphate, aggregating 5.35 per centum, should be treated as negligible impurities and disregarded, claiming it is probable they occurred naturally in the importation. It also argues that as sodium chloride, sodium nitrite, and sodium sulphate are each *eo nomine* provided for in paragraph 83, and that paragraph 5 covers only the things therein named that are not specially provided for, the importation can not be classified under paragraph 5.

The chemical analysis does not show that the merchandise is composed of 94.65 per centum common salt and that the balance consists of impurities, but does show that it is composed of common salt *and* sodium nitrite *and* sodium sulphate, the two ingredients last mentioned being dutiable commodities. If common salt may contain as high as 15 per centum of impurities, the importation here, so far as appears, may contain that amount of impurities and in addition the definite amounts of sodium nitrite and sodium sulphate found by the chemist. There is nothing to show that these chemical elements were not artificially added to the common salt to impart to it valuable properties that it did not theretofore possess. Paragraph 83 does not provide for compounds or mixtures of chloride or salt with sodium nitrite and sodium sulphate.

If importer had introduced evidence tending to show that this importation was common salt, either as commercially or commonly known, or had by proof accounted for the presence of sodium nitrite and sodium sulphate therein, a different case would be presented.

It can not be held, on the record here, that the quantities of sodium nitrite and sodium sulphate in this importation are negligible. Consult *United States* v. *Thomas, supra.*

Their function in the imported article may be of such vital importance as to preclude that conclusion. In the absence of proof it can not be assumed that they are impurities only, and that therefore the importation, as a matter of law, is classifiable as "sodium chloride or salt" under paragraph 83.

For these reasons the judgment below is *reversed*, and the merchandise held dutiable as assessed by the collector.