WALTER T. UELAND, QUONG YUEN SHING & Co. *v.* UNITED STATES (No. 4171)[1]

---

United States Court of Customs and Patent Appeals, May 29, 1939

*Allan R. Brown* (*Eugene F. Blauvelt* of counsel) for appellant.

*Webster J. Oliver*, Assistant Attorney General (*Ralph Folks* and *William J. Vitale*, special attorneys, of counsel), for the United States.

[Oral argument October 6, 1938, by Mr. Blauvelt and Mr. Vitale; reargued April 11, 1939, by Mr. Vitale and Mr. Blauvelt]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges

PER CURIAM: This is an appeal by importers from the judgment of the United States Customs Court, First Division, Brown, J., dissenting, overruling a protest through which it is sought to recover certain moneys paid the Collector of Customs at the port of New York as duties assessed and collected upon an importation of merchandise known as "ve-tsin," sometimes referred to as "Gourmet powder" and also as "vetsin gluten," the use of which is shown by the record to be as a flavoring for food such as soups and gravies.

The collector classified the merchandise, in conformity with the advisory return of the appraiser, under paragraph 5 of the Tariff Act of 1930, reading:

PAR. 5. All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

The claim on which importers rely is that the merchandise is properly classifiable under paragraph 1558 of the act as an unenumerated manufactured article at a duty rate of 20 per centum ad valorem.

The case was argued first before us October 6, 1938. Jackson, J., declined to participate in the consideration and decision because of his connection with the case while Assistant Attorney General. On November 28, 1938, a majority of this court rendered decision reversing the judgment below. From this decision Bland, J., dissented for reasons stated by him in a written opinion.

The respective opinions were circulated in typewritten form in the usual manner but they have not been printed in any official publication. Following their circulation and within the time fixed by the rules of the court a petition for rehearing was filed on behalf of the Government. In this petition the attention of the court was directed to the case of *United States* v. *Schenker's, Inc.*, 15 Ct. Cust. Appls. 460, T. D. 42645, which arose under the Tariff Act of 1922, and involved paragraph 5 of that act which was the prototype of paragraph 5 of the Tariff Act of 1930, *supra*. The *Schenker's, Inc.* case, *supra*, had not been previously cited in connection with the instant case.

The petition for rehearing was granted by order of the court. The judgment pronounced upon the basis of the original majority decision was thereby vacated and the case was docketed for consideration *de novo*.

Reargument was had April 11, 1939, when it was contended on behalf of the Government that the majority decision rendered November 28, 1938, as above recited, was inconsistent with the construction given paragraph 5 of the 1922 act in the *Schenker's, Inc.* case, *supra*, and it was urged that its reenactment in the 1930 act made applicable here the rule of legislative ratification of judicial interpretation.

As a result of the reconsideration had in the light of the *Schenker's, Inc.* case, *supra*, the four judges participating now find themselves equally divided as to the proper conclusion. Garrett, P. J., and Hatfield, J., adhere to the conclusion originally reached by the majority in the decision of November 28, 1938. Bland, J., adheres to his dissent therefrom. Lenroot, J., is of opinion (and Bland, J., concurs therewith) that the case is governed by the rule of legislative ratification as contended by counsel for the Government.

A majority of the court being unable to agree and the judgment based upon the majority decision of November 28, 1938, having been vacated, it follows that the judgment of the United States Customs Court must be *affirmed*. *W. H. H. Chamberlin, Inc.* v. *Andrews*, 299 U. S. 515. *United States* v. *A. Hauptmann, Inc.*, 25 C. C. P. A. (Customs) 323, T. D. 49423.

It is so ordered.