(C. D. 476)

QUONG YUEN SHING CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided April 25, 1941)

*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the plaintiff.

*Charles D. Lawrence*, Acting Assistant Attorney General (*Marcus Higginbotham, Jr., Richard F. Weeks*, and *James Donnelly* special attorneys), for the defendant.

Before Brown, Tilson, and Keefe, Judges; Brown, J., dissenting

Tilson, Judge: This suit was filed by the plaintiff seeking to recover a certain sum of money alleged to have been illegally exacted as customs duties on imported merchandise commonly known as Ve-tsin. Duty was levied on the merchandise at 25 per centum ad valorem, under paragraph 5 of the Tariff Act of 1930, as a chemical compound, not specially provided for. Plaintiff claims the same to be properly, dutiable at only 20 per centum ad valorem under paragraph 1558 of said act, as "articles manufactured, in whole or in part, not specially, provided for." Plaintiff also claims the merchandise to be dutiable, at 7 or 11 cents per one hundred pounds under paragraph 81 of said act, but this claim is not pressed before us, and need not be considered.

There appears to be no particular disagreement between counsel for the respective parties concerning the facts in this case, but there is considerable disagreement as to the construction that should be given, to said paragraph 5 with reference to the merchandise before us. Counsel for the respective parties have materially aided us in our consideration of this case by their well considered briefs filed herein.

On the invoice herein we find the following in red ink:

> 16.75% Salt
> 1.10 " Moisture
> 82.15 " Mono Sodium Glutamate

Examiner Lewis testified that the above figures constituted a part of his official return in this case; that said figures were furnished him by the Government chemist at New York in the case of *Quong Yuen Shing & Co. v. United States,* protest 825329–G, Suit 4171, and that he returned both shipments on the same laboratory report. It is to be noted that the return by the examiner in both cases is the same as to the component parts going to make up the imported merchandise. There is no dispute that the only use for the imported merchandise is to flavor soup or gravy, as a seasoning.

At the trial of this case the record in Suit 4171, *supra,* was admitted, in evidence herein. The contention of counsel for the plaintiff here, as in the former case, is that the merchandise as imported was neither a chemical compound nor a mixture of chemical compounds or salts within the meaning of paragraph 5, *supra;* that since salt is specifically provided for in the tariff act, mixtures containing salt are excluded from the provisions of said paragraph 5, and that said paragraph 5 does not cover common materials occurring as chemical compounds in nature, which have a nonchemical use or character.

That the imported merchandise is composed of or consists of at least two distinct chemical compounds physically mixed or intermingled cannot be doubted. This much is conceded by counsel for the plaintiff in his brief filed herein, from which we quote the following:

The record is also clear that the monosodium glutamate present in the imported merchandise is a chemical compound and that the sodium chloride present in the merchandise is also a chemical compound * * *.

\* \* \* \* \* \* \*

* * * The imported merchandise consists of two distinct chemical compounds physically mixed or intermingled but not chemically combined.

Paragraph 5 of the act of 1930, under which the imported merchandise was classified, reads as follows:

All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

It is true that paragraph 81 of the act of 1930 provides for "chloride or salt, in bags, sacks, barrels, or other packages, 11 cents per one hundred pounds," but the imported merchandise in this case was not chloride or salt, but a seasoning used to flavor soup or gravy, known as Ve-tsin, composed of only 16.75 per centum chloride or salt, and in addition containing 1.10 per centum moisture and 82.15 per centum monosodium glutamate. Since the merchandise in question consists of a commodity known as Ve-tsin composed of salt, moisture and monosodium glutamate, the provision in said paragraph 5 for "all the foregoing * * * not specially provided for" must necessarily refer to Ve-tsin if said paragraph covers and includes the imported merchandise. To so hold would not be a strained construction of said paragraph.

Said paragraph 5 does not require that for chemical elements and chemical salts and compounds to be dutiable thereunder, when combined or mixed, they shall or must be chemically combined. Mixtures do not connote chemical combinations. It is clear to us from a reading of paragraph 5 that the Congress recognized a distinction between "combinations," whether chemical or otherwise, and "mixtures," and made provision for combinations of chemical elements, combinations of chemical salts and compounds, and also for mixtures of chemical elements and mixtures of chemical salts and compounds. If the Congress had intended the word "mixtures" to be construed as "chemical combinations" then why the use of the word "mixtures?"

If the moisture, composing only 1.10 per centum of the merchandise in its imported condition were eliminated, then 98.90 per centum of the "imported merchandise consists of two distinct chemical compounds physically mixed or intermingled," as conceded by counsel for the plaintiff in his brief filed herein. This would appear to be all that was necessary to bring the merchandise squarely within the provisions of said paragraph 5. However, we wish to consider one or two other phases of this case.

· In the former decision of this court in Suit 4171, Judge Brown, in dissenting from the majority opinion held:

For a mixture of chemicals to fall under paragraph 5 the articles composing the mixture must each be 'any of the foregoing.'

We are not in accord with the view as thus expressed by Judge Brown. It is our view that if each of the elements or articles going to make up the mixture or combination, as the case may be, were each specifically provided for elsewhere in the act, and the combination or mixture were not specially provided for, the combination or mixture would fall squarely within said paragraph 5. If the merchandise in question is a mixture of chemical compounds, and it is conceded by all that it is, then it is not specially provided for elsewhere in this act, and there is no contention by any one that it is so provided for.

To hold complex chemical compounds, which, it is conceded, are physically mixed or intermingled, containing several different chemical elements, chemical salts, or chemical compounds not to be dutiable under said paragraph 5 if they contain any chemical elements, compounds or chemical salts either or all of which are individually and specially provided for elsewhere in this act would result in practically nullifying said paragraph 5. This could be done only by a strained construction which is not called for in this case.

When the Congress made special provision for sodium chloride or salt in paragraph 81, and for other articles provided for in other paragraphs, it was specially treating and providing for these articles when imported as such. In making such provisions for such individual articles, the Congress was not then concerned with these articles when mixed or combined with other articles. When the Congress saw fit to deal with these articles otherwise individually treated, when mixed or in combination with other articles, it enacted said paragraph 5. In our view the Congress, by the use of the language found in said paragraph 5, could never have intended that the addition of 1.10 per centum salt to some otherwise very expensive and complex mixture would rob it of its dutiable classification under said paragraph 5. This is true whether or not the articles going to make up such mixture be elsewhere specially provided for.

Our views, as hereinbefore expressed, find support and confirmation in the case of *United States* v. *Schenkers*; 15 Ct. Cust. Appls. 460. The merchandise in that case consisted of a commodity known as "pickling salt," which, according to the chemist's report was composed chiefly of a mixture of common salt, sodium nitrite, and sodium sulphate, common salt, 94.65 per centum. In reversing the judgment of this court sustaining the protest and holding the merchandise dutiable

under paragraph 5 of the Tariff Act of 1922, which was identical with paragraph 5 of the present act, the appellate court said:

> The Government, appealing to this court, argues that "since there is a separate salt paragraph, a mixture of chemical salts cannot be held to be within the tariff provisions for any one of the salts contained in the mixture unless the rule *de minimis non curat lex applies.*"
>
> \*        \*        \*        \*        \*        \*        \*
>
> As we view it there is little necessary to be said in the determination of the issues here.
>
> Paragraph 5 provides for all chemical salts and compounds and all *combinations* and *mixtures* thereof not specially provided for, and the collector is presumed to have found that the merchandise here was either chemical salts or compounds, or a combination or mixture thereof.
>
> Importer has tendered no proof that the importation is not as classified by the collector. It argues that the small quantities of sodium nitrite and sodium sulphate, aggregating 5.35 per centum, should be treated as negligible impurities and disregarded, claiming it is probable they occurred naturally in the importation. It also argues that as sodium chloride, sodium nitrite, and sodium sulphate are each *eo nomine* provided for in paragraph 83, and that paragraph 5 covers only the things therein named that are not specially provided for, the importation cannot be classified under paragraph 5.
>
> The chemical analysis does not show that the merchandise is composed of 94.65 per centum common salt and that the balance consists of impurities, but does show that it is composed of common salt *and* sodium nitrite *and* sodium sulphate, the two ingredients last mentioned being dutiable commodities. If common salt may contain as high as 15 per centum of impurities, the importation here, so far as appears, may contain that amount of impurities and in addition the definite amounts of sodium nitrite and sodium sulphate found by the chemist. There is nothing to show that these chemical elements were not artificially added to the common salt to impart to it valuable properties that it did not theretofore possess. Paragraph 83 does not provide for compounds or mixtures of chloride or salt with sodium nitrite and sodium sulphate.
>
> \*        \*        \*        \*        \*        \*        \*
>
> It cannot be held, on the record here, that the quantities of sodium nitrite and sodium sulphate in this importation are negligible. Consult *United States* v. *Thomas, supra.*
>
> Their function in the imported article may be of such vital importance as to preclude that conclusion. In the absence of proof it cannot be assumed that they are impurities only, and that therefore the importation, as a matter of law, is classifiable as "sodium chloride or salt" under paragraph 83.
>
> For these reasons the judgment below is reversed, and the merchandise held dutiable as assessed by the collector.

There is nothing in this record to show that the admittedly chemical compound, salt, was not artificially added to and mixed with the other admittedly chemical compound, monosodium glutamate to impart to it valuable properties that it did not theretofore possess. Paragraph 81 does not provide for mixtures of salt with monosodium glutamate. We are unable to accept as sound the contention of counsel for the plaintiff that:

The mixture, a chemical product known as ve-tsin, is used as a condiment or flavoring for food. Par. 5 does not provide for this mixture since sodium chloride is not dutiable under Par. 5 by itself and since the paragraph does not provide for mixtures of chemicals but provides only for mixtures of chemicals the separate components of which would be individually dutiable under Par. 5.

To hold that said paragraph 5 provides only for mixtures of chemicals or chemical compounds the separate components of which would be separately and individually dutiable under said paragraph, would be a strained construction of the paragraph. Certainly the Congress never intended to make salt, as such, dutiable under paragraph 5, but we are not here dealing with salt, as such. We are here concerned with the proper classification of a commodity known as ve-tsin composed of a mixture, at least two of the ingredients or elements of which are admittedly chemical compounds. It is also conceded that they are mixed but not chemically combined. The fact that they are not chemically combined is immaterial here, since these chemical compounds are equally covered by and included in said paragraph 5 whether combined or mixed.

For the reasons stated we hold the imported merchandise in this case to be properly classifiable under paragraph 5 of the Tariff Act of 1930, and therefore dutiable at the rate of 25 per centum ad valorem. All claims of the plaintiff are accordingly overruled. Judgment will be rendered accordingly.

### DISSENTING OPINION

BROWN, Judge: For the reasons fully stated in previous opinions dealing with this subject matter I am constrained to dissent. See T. D. 48019, 68 Treas. Dec., 736; T. D. 47102, 65 Treas. Dec., 967; and T. D. 49348, 73 Treas. Dec., 90.

As nearly every article of commerce is a chemical compound or element the majority theory expands paragraph 5 to a ridiculous length, never intended by Congress.