UNITED STATES *v.* THE WATER TREATMENT CO. OF AMERICA, ETC. (No. 4520)[1]

[1] C. A. D. 332.

United States Court of Customs and Patent Appeals, March 30, 1946

*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks*, special attorney, of counsel), for the United States.

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for appellee.

[Oral argument February 7, 1946, by Mr. Weeks and Mr. Schwartz]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court (First Division) holding certain merchandise, known as "Lauritzen Colloid" and "Boiler Water Purifying Colloid," composed, according to the record, of 51.9 per centum water, 4.0 per centum sodium hydroxide, 19.2 per centum sodium carbonate, and 24.9 per centum "Sodium Salts of Vegetable Acids," dutiable as a non-enumerated manufactured article at 20 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930 as claimed by the importer (appellee), rather than as a mixture of chemical compounds at 25 per centum ad valorem under paragraph 5 of that act as assessed by the collector at the port of New York.

The paragraphs in question read:

PAR. 5. All chemical elements, all chemical salts and compounds, all medicinal preparations, and all combinations and mixtures of any of the foregoing, all the foregoing obtained naturally or artificially and not specially provided for, 25 per centum ad valorem.

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

It is conceded by counsel for the parties that sodium carbonate and sodium hydroxide, two of the elements contained in the merchandise in question, are specially provided for in paragraph 81 of the Tariff Act of 1930—the sodium carbonate being dutiable at one-fourth of 1 cent per pound, and the sodium hydroxide at one-half of 1 cent per pound.

In sustaining the protest and holding that the involved merchandise was not dutiable under paragraph 5, *supra*, the trial court followed our decision in the case of *Quong Yuen Shing Co.* v. *United States*, 31 C. C. P. A. (Customs) 43, C. A. D. 247, wherein it was held by a majority of the court, Bland, J., dissenting and Jackson, J.,

not participating, that the provision for mixtures of chemical compounds contained in that paragraph was not intended to include mixtures of chemical compounds if any of the compounds in such mixtures were specially provided for elsewhere in the act. In so construing that provision, we held that the rule of legislative adoption of judicial decisions was not applicable, although a similar issue had been before the court in the case of *United States* v. *Schenker's, Inc.*, 15 Ct. Cust. Appls. 460, T. D. 42645, involving the provisions of paragraph 5 of the Tariff Act of 1922, which are identical with the provisions of paragraph 5 of the Tariff Act of 1930.

In the *Schenker's, Inc.*, case, *supra*, the merchandise was a mixture, composed of 94.65 per centum common salt (sodium chloride) and an aggregate of 5.35 per centum sodium nitrite and sodium sulphate. Each of the ingredients in the mixture was specially provided for in paragraph 83 of the Tariff Act of 1922, and it was argued by counsel for the importer, and held by the trial court, that the sodium nitrite and sodium sulphate were mere impurities, and that the merchandise was properly dutiable as sodium chloride at 11 cents per 100 pounds under that paragraph. We there concluded that the evidence failed to establish that the merchandise was sodium chloride containing sodium nitrite and sodium sulphate as mere impurities, and that, as paragraph 83 did not provide for mixtures of sodium chloride, sodium nitrite, and sodium sulphate, the merchandise was not properly dutiable under the provisions of that paragraph. In the course of our opinion in that case, we referred to paragraph 5 in the following language:

Paragraph 5 provides for all chemical salts and compounds and all *combinations* and *mixtures* thereof not specially provided for, and the collector is presumed to have found that the merchandise here was either chemical salts or compounds, or a combination or mixture thereof. [Italics quoted.]

We further stated that it was also argued by counsel for the importer that

as sodium chloride, sodium nitrite, and sodium sulphate are each *eo nomine* provided for in paragraph 83, and that *paragraph 5 covers only the things therein named that are not specially provided for*, the importation can not be classified under paragraph 5. [Except for the word *"eo nomine,"* italics supplied.]

We concluded our opinion with the following statement:

For these reasons the judgment below is *reversed*, and the merchandise held dutiable as assessed by the collector. [Italics quoted.]

In our decision in the case of *Quong Yuen Shing Co.* v. *United States, supra,* with reference to our decision in the *Schenker's, Inc.,* case, *supra,* we said:

While it is true that in reversing the judgment appealed from we also stated that the merchandise was dutiable as held by the collector, it now appears that

neither the construction of paragraph 5 nor a holding that it was dutiable thereunder was necessary to our decision in that case.

We further stated, with reference to the *Schenker's, Inc.*, case, *supra*, that

The only claim made by the importer before us was that the merchandise was dutiable under paragraph 83, and if not dutiable under that paragraph, and we so held, the judgment of the trial court would have been reversed, and the classification made by the collector would have prevailed had we made no reference in our discussion to paragraph 5.

It will be observed from the last-quoted excerpt that we there stated that the only claim made by the importer before us in the case of *Schenker's, Inc.*, *supra*, was that the merchandise there involved was dutiable under paragraph 83 of the Tariff Act of 1922. That we were in error in so stating is evident from our decision in the *Schenker's, Inc.*, case, *supra*.

As will be observed from one of the quoted excerpts, counsel for the importer contended in the *Schenker's, Inc.*, case, *supra*, that paragraph 5 of the Tariff Act of 1922 covered only "the things therein named that are not specially provided for," and that, therefore, the merchandise there involved could not properly be classified under that paragraph. In other words, counsel for the importer contended in that case that paragraph 5 of the Tariff Act of 1922 should be construed exactly as this court construed paragraph 5 of the Tariff Act of 1930 in the case of *Quong Yuen Shing Co.* v. *United States*, *supra*. Accordingly, two issues were squarely presented to the court in the *Schenker's, Inc.*, case, *supra*, namely, first, that the merchandise there involved was properly classifiable as sodium chloride under paragraph 83 of the Tariff Act of 1922, and, second, that it was not classifiable as a mixture of chemical compounds under paragraph 5 of that act because that provision was intended to be limited to mixtures, the compounds of which were not specially provided for elsewhere in that act.

It is elementary that in protest cases it is the duty of the protestant to establish not only that the collector's classification is erroneous, but that the merchandise is dutiable as claimed in the protest. Accordingly, the court might well, in the *Schenker's, Inc.*, case, *supra*, have disposed of the issues there involved by holding that the importer had failed to establish that the merchandise in question was dutiable as sodium chloride under paragraph 83 of the Tariff Act of 1922, as claimed in the protest. The court, however, proceeded to decide both issues, and held that the merchandise was not dutiable under paragraph 83, but that it was dutiable as a mixture of chemical compounds under paragraph 5. The court could not have concluded that the merchandise was dutiable as a mixture of chemical compounds under paragraph 5 without construing the provisions of that paragraph and

holding that the provision for mixtures of chemical compounds contained therein was not intended to be limited to mixtures of such compounds only as were provided for in that paragraph, but, on the contrary, was intended to include mixtures of chemical compounds whether or not such compounds were otherwise specially provided for.

In our decision in the *Quong Yuen Shing Co.* case, *supra*, we expressed the view that the holding of the court in the *Schenker's, Inc.*, case, *supra*, that the merchandise there involved was dutiable under the provision for mixtures of chemical compounds contained in paragraph 5 of the Tariff Act of 1922, was unnecessary to our decision and was, therefore, *obiter dictum*, and that as the provision in question had not been judicially interpreted in that case, the rule of legislative adoption of judicial decisions was not applicable.

Owing to the fact that two issues were presented in the *Schenker's Inc.*, case, *supra*, and that the court proceeded to, and did in fact, decide both of those issues, its decision cannot be considered as *obiter dictum* of either of the two issues presented and decided. On the contrary, that decision is an authoritative holding as to the construction to be placed upon the provision for mixtures of chemical compounds contained in paragraph 5 of the Tariff Act of 1922. *Union Pacific Co.* v. *Mason City Co.*, 199 U. S. 160; *United States* v. *Title Ins. Co.*, 265 U. S. 472, 486; 21 C. J. S. Courts § 190.

It appears from the Summary of Tariff Information, 1929, page 53, that at the time the Congress was considering the revision of paragraph 5 of the Tariff Act of 1922 (which was finally reenacted without change as paragraph 5 of the Tariff Act of 1930) its attention was called to our decision in the case of *United States* v. *Schenker's, Inc.*, *supra*, holding that a mixture of chemical compounds, the compounds of which were specially provided for elsewhere in the act, was dutiable under paragraph 5 of the Tariff Act of 1922. Accordingly, the Congress not only had constructive, but actual, notice of our decision in that case. We are of opinion, therefore, that in reenacting paragraph 5 of the Tariff Act of 1922 as paragraph 5 of the Tariff Act of 1930, the Congress intended to ratify our decision in the *Schenker's, Inc.*, case, *supra*, construing the provision for mixtures of chemical compounds contained in paragraph 5 there under consideration.

That legislative adoption of judicial decisions is a vitally important rule in the construction of tariff statutes, cannot be questioned. See *United States* v. *Bassichis Co. et al.*, 16 Ct. Cust. Appls. 410, T. D. 43133, and cases therein cited and reviewed.

We regret exceedingly the error which we now perceive was committed in our decision in the case of *Quong Yuen Shing Co.* v. *United States*, *supra*, and that it is necessary to reverse the judgment of the trial court which was very properly based upon our decision in that case.

For the reasons hereinbefore stated, we are of opinion that the involved merchandise is dutiable under the provision for mixtures of chemical compounds, not specially provided for, contained in paragraph 5 of the Tariff Act of 1930 as assessed by the collector.

The judgment of the United States Customs Court is, accordingly, *reversed* and the cause *remanded* for proceedings consistent with the views herein expressed.